UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

CAGER M.,

Plaintiff, **DECISION AND ORDER**
1:25-cv-07465-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In May of 2014, Plaintiff Cager M.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff represented by Eugenie Gilmore, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on July 30, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 15). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on May 13, 2014, alleging disability beginning October 28, 2012. (T at 72-81).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on August 5, 2016, before ALJ Mary F. Withum. (T at 24-59). On September 2, 2016, ALJ Withum issued a decision denying the application for benefits. (T at 7-23).

Plaintiff filed an action seeking judicial review of the denial of benefits in the United States District Court for the Southern District of New York. On July 30, 2020, the Honorable Robert W. Lehrburger, United States Magistrate Judge, approved a stipulation remanding the matter for further administrative proceedings. (T at 526-27).

A second administrative hearing was held before ALJ Henry Kramzyk on June 4, 2021. (T at 471-519). Plaintiff appeared with counsel and testified. (T at 478-508). The ALJ also received testimony from Jacquelyn Schabacker, a vocational expert. (T at 508-19).

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

*B. ALJ's Decision*

On August 3, 2021, ALJ Kramzyk issued a decision denying the application for benefits. (T at 447-65). The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 13, 2014 (the date he applied for benefits). (T at 453).

The ALJ concluded that Plaintiff's affective disorder and personality disorder were severe impairments as defined under the Social Security Act. (T at 453). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 456).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to: lift, carry, push, pull up to 50 pounds occasionally and 25 pounds frequently; sit for a total of 6 hours a day; stand and/or walk for a total of up to 6 hours a day; never climb ladders, ropes, or scaffolds, but occasionally climb ramps and stairs; and occasionally balance, stoop, crouch, kneel, and crawl. (T at 457). The ALJ further found that Plaintiff could understand, remember, and carry out short, routine, repetitive instructions; sustain attention and concentration for

2-hour periods at a time and for 8 hours in the workday; and use judgment in making work decisions related to such instructions. (T at 457).

The ALJ also concluded that Plaintiff requires an occupation with set routine, procedures, and instructions; and involves no more than occasional changes during the workday, with no requirement to meet defined production quotas, such as production line work. (T at 457). In addition, Plaintiff needs to avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights and cannot drive vehicular equipment. (T at 457).

The ALJ determined that Plaintiff has no past relevant work. (T at 463). Considering Plaintiff's age (49 on the application date), education (at least high school), work experience (no past relevant work), and RFC, the ALJ found that there are jobs in significant numbers in the national economy that Plaintiff can perform. (T at 464).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 13, 2014 (the application date) and August 3, 2021 (the date of the ALJ's decision). (T at 465). On July 17, 2025, the Appeals Council denied Plaintiff's request for review, making ALJ Kramzyk's decision the Commissioner's final decision. (T at 417-23).

*C. Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on September 9, 2025. (Docket No. 1). On January 21, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 15, 16). The Commissioner interposed a brief in opposition on February 25, 2026. (Docket No. 19). On March 11, 2026, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 22).

## II. APPLICABLE LAW

*A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises one main argument in support of his request for reversal of the ALJ's decision. Plaintiff contends that the ALJ's consideration of the medical opinion evidence was flawed, which undermines the RFC determination.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).[3]

A "treating physician" is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

---

[3] In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. See 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits before that date, the new regulations do not apply here.

Treating physician opinions are considered particularly probative because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical evidence alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

An opinion from a treating physician is afforded controlling weight as to the nature and severity of an impairment, provided the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

However, treating physician opinions are not always dispositive. For example, an opinion will not be afforded controlling weight if it is "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

To determine how much weight a treating physician's opinion should be given, the ALJ considers the "*Burgess* factors" identified by the Second Circuit: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of

the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019)(following *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

The *Burgess* factors are also applied to the opinions of non-treating physicians, "with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *McGinley v. Berryhill*, No. 17 Civ. 2182, 2018 WL 4212037, at *12 (S.D.N.Y. July 30, 2018). A consultative physician's opinion may constitute substantial evidence. *See Petrie v. Astrue*, 412 F. Appx 401, 406 (2d Cir. 2011).

Here, the record contains several assessments of Plaintiff's mental functioning from treating, examining, and non-examining physicians. The Court will summarize those opinions and then consider the ALJ's analysis.

*A. Treating Source Opinions*

Dr. Emmanuel Mercedes, a psychologist, completed a wellness plan report in September of 2015. He diagnosed depressive disorder, NOS. (T at 318). Dr. Mercedes reported that Plaintiff was "stable" and showing some improvement but still experiencing depressive symptoms. (T at 318). He described Plaintiff as "temporarily unemployable," primarily due to sleepiness, which would interfere with Plaintiff's ability to perform at work.

(T at 319). Dr. Mercedes reported that he expected Plaintiff to need treatment for another 6-12 months. (T at 319).

Dr. Mercedes completed a mental impairment questionnaire in August of 2016. He reported that he had treated Plaintiff weekly since September of 2013 and reiterated the diagnosis of depression. (T at 335).

Dr. Mercedes assessed marked limitation in Plaintiff's ability to perform activities within a schedule and be consistently punctual; work in coordination with or near others without being distracted; and interact appropriately with the public and co-workers. (T at 338).

He further opined that Plaintiff had moderate-to-marked impairment with respect to understanding and remembering detailed instructions; maintaining attention and concentration for extended periods; sustaining an ordinary routine without supervision; completing a workday without interruptions from psychological symptoms; performing at pace; accepting instructions from and responding to criticism from supervisors; maintaining socially appropriate behavior; and responding appropriately to workplace changes. (T at 338).

Dr. Mercedes believed Plaintiff would be absent from work more than three times per month due to his impairments and/or treatment. (T at 339).

Notably, however, Dr. Mercedes opined that he did not expect Plaintiff's diagnoses and limitations to last at least 12 months. (T at 335).

*B. Examining Source Opinion*

Dr. John Laurence Miller performed a consultative psychiatric evaluation in July of 2014. On examination, Plaintiff presented with a dysphoric mood and dysthymic affect; appropriate thought processes and orientation; intact attention and concentration; mildly impaired memory skills; average cognitive functioning; and fair insight and judgment. (T at 308). Dr. Miller diagnosed adjustment disorder, with mixed anxiety and depressed mood. (T at 309).

Dr. Miller opined that Plaintiff could follow and understand simple directions and instructions and perform simple tasks; had moderate impairment in his ability to maintain attention and concentration and perform complex tasks independently; and had mild limitation with respect to making appropriate decisions and dealing with stress. (T at 308-309). Dr. Miller reported that Plaintiff's psychiatric problems did "not appear to be significant enough to interfere with [his] ability to function on a daily basis." (T at 309).

*C. State Agency Review Physician's Opinion*

Dr. R. Nobel, a non-examining State Agency physician, reviewed the record in August of 2014. Dr. Nobel assessed no restriction in Plaintiff's activities of daily living; no difficulties in Plaintiff's ability to maintain social functioning; and mild impairment in Plaintiff's capacity to maintain concentration, persistence, or pace. (T at 85). Dr. Nobel opined that Plaintiff's mental impairments were not severe impairments within the meaning of the Social Security Act. (T at 86).

*D. ALJ's Analysis*

As noted above, the ALJ concluded that Plaintiff's mental impairments were severe, but found that he retained the RFC to meet the mental demands of a reduced range of work. (T at 453, 457).

In reaching this decision, the ALJ assigned no weight to Dr. Mercedes's opinions and great weight to Dr. Miller's assessment. (T at 462-63). The ALJ found Dr. Nobel's findings generally supported by the record but concluded that evidence received after Dr. Nobel's opinion showed that Plaintiff's mental impairments caused more than minimal limitation in his functioning and were, therefore, severe within the meaning of the Social Security Act. (T at 453-54).

For the reasons that follow, the Court finds the ALJ's assessment of the medical opinion evidence, and subsequent RFC determination, is supported by substantial evidence and is consistent with applicable law.

First, the ALJ recognized Dr. Mercedes's status as a long-time treating physician and applied the appropriate initial deference to his opinions. (T at 462-63).

Importantly, Dr. Mercedes's September 2015 report is not actually a functional assessment and his conclusion that Plaintiff was "temporarily unemployable" was not entitled to any weight. *See* 20 C.F.R. § 404.1520b(c) (statement on an issue reserved to the Commissioner, such as a statement that a claimant is or is not disabled, is evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled."); *LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017)(noting that the question of "whether [plaintiff] qualifies as disabled under the statute is a decision reserved to the Commissioner") (citation and quotation marks omitted); *see also Snell v. Apfel*, 177 F.3d 128, 133-34 (2d Cir. 1999) ("The final question of disability is ... expressly reserved to the Commissioner.").

Second, the ALJ's decision to discount Dr. Mercedes's assessments is supported by other medical opinion evidence of record. As noted above,

Dr. Miller, the consultative examiner, concluded that Plaintiff had mild to moderate impairments in mental functioning (T at 308-309) and Dr. Nobel assessed no more than mild limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 85-86).

Moreover, the ALJ did not dismiss the evidence of psychiatric symptoms. Rather, he limited Plaintiff to simple, routine work, in an environment without production quotas and only occasional changes that adequately addressed Plaintiff's psychiatric symptoms. (T at 457). *See Martinez v. Comm'r of Soc. Sec.*, No. 13-CIV-159-KMK-JCM, 2016 WL 6885181, at *14 (S.D.N.Y. Oct. 5, 2016), *report and recommendation adopted*, 2016 WL 6884905 (S.D.N.Y. Nov. 21, 2016)("[S]uch limitations in concentration, dealing with stress, and socialization have been found to be consistent with an RFC for unskilled work."); *Lee W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-008-DB, 2021 WL 1600294 at *6 (W.D.N.Y. Apr. 23, 2021)("As such, unskilled work, by definition, already accounts for limitations in mental functioning, including limitations interacting with others and learning new tasks.").

Third, the ALJ relied on a reasonable reading of the record. Plaintiff reported that he had many friends and got along with his family. (T at 308, 456). He was able to use public transportation, perform household chores,

attend to personal hygiene, and perform shopping. (T at 308, 312, 494-99, 499).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of marked impairment where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See, e.g., Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

In addition, the ALJ noted that while Plaintiff consistently complained of psychiatric symptoms, mental status examinations were generally unremarkable, and Plaintiff's course of treatment could reasonably be characterized as conservative. (T at 237-38, 240, 249, 353, 355, 357, 359, 363, 365, 368-71, 462). Further, Plaintiff told one of his treating providers that "he would like to receive employment 'off the books' in order [to] still receive SSI." (T at 368).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to

discount an assessment of marked limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had “meaningful, but not profound, mental restrictions” with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)(“In sum, Dr. Phillips’ opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.”).

Plaintiff argues that the ALJ did not adequately address evidence in the record suggesting a greater degree of impairment in his mental functioning and did not afford sufficient deference to Dr. Mercedes.

An ALJ need not address every piece of conflicting evidence. The Court finds that the ALJ’s analysis, which incorporated the evidence of impairment in mental functioning, appropriately recognized Dr. Mercedes status as a treating provider, and is consistent with multiple medical opinions and a reasonable reading of the record, as summarized above, must be sustained under the deferential standard of review applicable here.

*See DuBois v. Comm'r of Soc. Sec*., No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

Plaintiff suggests that the ALJ should have re-contacted Dr. Mercedes for clarification and/or amplification of his opinions before assigning them no weight. However, the ALJ's duty to develop the record "although robust, 'is not unlimited.'" *Clarke v. Comm'r of Soc. Sec*., No. 19-CV-7213 (BCM), 2021 WL 2481909, at *13 (S.D.N.Y. June 16, 2021)(quoting *Myers ex rel. C.N. v. Astru*e, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012)).

Here, the record contains two reports from Dr. Mercedes, a consultative psychiatric evaluation from Dr. Miller, a State Agency review assessment, and significant treatment records. In addition, the ALJ sent a post-hearing request for records to Plaintiff's treating psychiatric providers,

including Dr. Mercedes, received additional records, and discussed them in his analysis. (T at 451).

In June of 2021, the ALJ advised Plaintiff's counsel that he had received the additional records and offered to conduct a supplemental hearing and/or issue a subpoena for additional evidence. (T at 629-30). The ALJ explained that if he did not receive a response within 10 days, he would consider the record complete. (T at 630). Counsel did not respond. (T at 451). *See Torres v. Colvin*, No. 12 CIV. 6527 ALC SN, 2014 WL 4467805, at *6 (S.D.N.Y. Sept. 8, 2014)("Because the record was held open and Plaintiff failed to provide supplemental evidence, the ALJ fulfilled his duty to develop the record."); *Perry v. Saul*, No. 19-CV-525F, 2020 WL 5544347, at *5 (W.D.N.Y. Sept. 16, 2020)("An ALJ … does not err in failing to develop the record where the claimant's counsel advises she is seeking the missing records, the ALJ keeps the administrative record open to allow for supplementation, but counsel never submits the additional records, and the claimant never requests the ALJ's assistance in obtaining the records.").

For these reasons the Court finds that the ALJ satisfied his duty to develop the record and reached a decision supported by substantial evidence.[4]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15)[5] is DENIED and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: August 25, 2026

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

---

[4] Plaintiff also challenges the ALJ's analysis at step three and step five of the sequential analysis, as well as the ALJ's consideration of his subjective complaints. These arguments are essentially restatements of the medical opinion evidence argument, *i.e.,* that the ALJ did not properly account for the evidence of limitation in Plaintiff's mental functioning, including, in particular, Dr. Mercedes's opinions. These arguments fail for the reasons stated above. *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

[5] Plaintiff's memorandum of law was incorrectly docketed as a second motion for judgment on the pleadings. (Docket No. 16). The Clerk of Court is requested to correct this entry.